■      In the *Matter of* JOHN EDWARD B., a Person Alleged to be a Juvenile Delinquent.—Appeal from (1) an order of the Family Court of Saratoga County, dated September 8, 1977, which adjudged appellant to be a juvenile delinquent, (2) an order of the Family Court of Saratoga County, dated September 9, 1977, which transferred the dispositional hearing to the Family Court of Rensselaer County, and (3) an order of the Family Court of Rensselaer County, dated November 2, 1977, which placed appellant, for a period of 18 months, in the custody of the New York State Division for Youth. On April 12, 1977, a petition was filed in Family Court of Saratoga

County, alleging that appellant was a juvenile delinquent in that, with intent to cause the death of a specific person, he caused that person's death by means of stabbing her with a knife. According to statements given by appellant to a Saratoga County Sheriff's Department investigator, appellant, then 13 years of age, and the victim, eight years of age, were climbing a cliff when the victim fell almost from the top of the cliff to a shallow creek below. Appellant further stated that the victim's head was under water after the fall and that he stabbed her to make it look as though someone else had killed her. Following a fact-finding hearing, the Saratoga County Family Court concluded that appellant committed acts, which, if committed by an adult would constitute the crime of murder in the second degree. Initially, appellant argues that this finding should be reversed on the ground that the evidence does not establish beyond a reasonable doubt that appellant caused the victim's death. It is appellant's contention that the evidence did not exclude the possibility that the victim was dead from drowning prior to the infliction of the knife wounds. The pathologist who examined the body testified that he could state with reasonable medical certainty that the cause of death was stab wounds of the chest. The pathologist also stated that he ruled out drowning as a possible cause of death of the deceased. Consequently, we are of the view that proof was presented sufficient to establish beyond a reasonable doubt that appellant's actions caused the death of the decedent (cf. *People v Cicchetti,* 44 NY2d 803). Subsequent to the fact-finding hearing, the Family Court in Saratoga County, on its own motion, transferred the matter to Rensselaer County for the dispositional hearing on the basis that appellant and his parents had taken up new residence in Rensselaer County and the transfer would facilitate diagnostic and investigatory procedures necessary for disposition of the matter. Section 717 of the Family Court Act authorizes proceedings to be transferred to another county by the court on its own motion for good cause shown. Subdivision 1 of section 742 of the Family Court Act, however, requires that the Judge who presides at the commencement of the fact-finding hearing continue to preside at any other subsequent hearing in the proceeding. Certain exceptions to this requirement are set forth in the statute but they are not applicable in the present case (Family Ct Act, § 742, subd 1, pars [i], [ii]). Furthermore and most significant, subdivision 2 of the section provides that "The provisions of this section shall not be waived". It is the opinion of this court that once a fact-finding hearing is commenced, the proceeding may not be transferred to another county for good cause shown pursuant to section 717 unless one of the exceptions provided in section 742 is applicable. Accordingly, we agree with appellant's contention that the Family Court of Saratoga County improperly transferred the proceeding to Rensselaer County for the dispositional hearing. Consequently, we must reverse and remand the matter to Saratoga County Family Court for a proper dispositional hearing. Since there must be a remand, we deem it appropriate to consider the final issue raised by appellant. On November 2, 1977, the Rensselaer County Family Court adjudicated appellant a juvenile delinquent and ordered that he be placed with the New York State Division for Youth for a period of 18 months. From April 12, 1977 to November 2, 1977, appellant was held in secure detention. Appellant maintains that he should be credited for the time he spent in secure detention prior to his placement with the Division for Youth. Although credit is given in criminal cases for time spent in custody prior to commencement of sentence, such credit is required pursuant to subdivision 3 of section 70.30 of the Penal Law. The Penal Law is not applicable in this Family Court

proceeding. Appellant's reference to said credit for time served in criminal cases is inapposite. In placing appellant with the Division for Youth, the court was required to consider the needs and best interests of appellant as well as the need for protection of the community (Family Ct Act, § 711). Pursuant to section 756 of the Family Court Act, the court was authorized to place appellant with the Division for Youth for an initial period of 18 months. We find no abuse of discretion in the court's order of placement. Order adjudging appellant to be a juvenile delinquent affirmed; order transferring the dispositional hearing to Family Court of Rensselaer County, and order placing appellant in custody of the New York State Division for Youth for a period of 18 months reversed, on the law, and matter remitted to the Family Court of Saratoga County for a dispositional hearing. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.